**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **RICHARD E. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **CASE NO. 3:13-cv-00191** |
| v. ) | **JUDGE SHARP / KNOWLES** |
| ) | |
| ) | |
| **STATE OF TENNESSEE c/o STATE** ) | |
| **ATTORNEY GENERAL, WILLIAMSON** ) | |
| **COUNTY CIRCUIT COURT,** ) | |
| **WILLIAMSON COUNTY CIRCUIT COURT** ) | |
| **CLERK'S OFFICE, WILLIAMSON** ) | |
| **COUNTY DISTRICT ATTORNEYS** ) | |
| **OFFICE, FRANKLIN POLICE** ) | |
| **DEPARTMENT IN WILLIAMSON** ) | |
| **COUNTY, and PROVIDENCE** ) | |
| **COMMUNITY CORRECTIONS** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter is before the Court upon four Motions to Dismiss: the first, filed by Defendant Williamson County Circuit Court Clerk (Docket No. 17); the second, filed by Defendant Franklin Police Department (hereinafter "FPD") (Docket No. 19); the third, filed by Defendants State of Tennessee, Williamson County Circuit Court, and Williamson County District Attorney's Office (Docket No. 33); and the last, filed by Defendant Providence Community Corrections, Inc. (hereinafter "Providence") (Docket No. 36). In support of their

1

Motions, Defendants have contemporaneously filed Memoranda of Law. Docket Nos. 18, 20, 34, and 37.

Plaintiff has filed an "Answer to Willimason [*sic*] County Circuit Clerk's Motion to Dismiss and Request to Deny Defendant's Motion" (Docket No. 31); an "Answer to Attorney General's Motion to Dismiss on Behalf of Williamson County Circuit Court and Williamson County District Attorney's Office, and Request to Deny Defendant's [*sic*] Motion" (Docket No. 38); and an "Answer to Providence Motion to Dismiss and Motion to Deny Defendant's Motion to Dismiss" (Docket No. 43), which the Court will construe as Responses to the instant Motions to Dismiss.[1]

Defendant Providence has filed a "Reply to Motion to Dismiss Filed on Behalf of Defendant Providence Community Corrections, Inc."[2] Docket No. 40.

Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth, Sixth, and Fourteenth Amendment rights, as well as the pendent state law claims of false arrest, false imprisonment, malicious and vindictive prosecution, defamation of character, and public humiliation. Docket No. 1. Plaintiff sues Defendants State of Tennessee C/O Attorney General, Williamson County Circuit Court, Williamson County Circuit Court Clerk's Office, Williamson County District Attorney's Office, Franklin Police Department in Williamson County, and Providence Community Corrections, Inc., in their official capacities. *Id.*

---

[1] Plaintiff has not, however, filed a Response to Defendant Franklin Police Department's Motion to Dismiss.

[2] The referenced document is actually a Reply to a Motion to Dismiss filed by other parties. Docket No. 40, p. 1. According to Providence's Reply, the referenced Response filed by Plaintiff "appears to refer at various points to Providence's Motion to Dismiss . . . ." *Id.*

Plaintiff is a Franklin, Tennessee resident who was convicted of Driving Under the Influence, Second Offense on March 5, 2008, and sentenced to forty-five days imprisonment with a special condition of a two-year drivers' license suspension on September 15, 2008. Docket No. 1. On October 9, 2008, less than one month after his sentencing hearing, Plaintiff was arrested for driving on a revoked license after Williamson County Assistant District Attorney, Kelly Lawrence, observed him driving home from the District Attorney's office. *Id.* At a bench trial on May 3, 2010, Plaintiff was convicted of driving while his license was revoked with a prior DUI conviction, and, on September 8, 2010, Plaintiff was sentenced to six months imprisonment, with all but two days to be served on probation. Docket No. 33-3. The Court of Criminal Appeals of Tennessee ultimately overturned Plaintiff's conviction because the trial court had never forwarded his license and a copy of his conviction to the Department of Safety after his DUI conviction, which is required for formal suspension. *Id.* The Court of Criminal Appeals also dismissed the conviction for driving on a revoked license upon a finding that Plaintiff had not personally and voluntarily waived his right to a jury trial. *Id.*

Plaintiff avers that Defendants violated his rights when they falsely arrested him for driving on a suspended license when his license was not formally suspended. Docket No. 1. Plaintiff contends that the arresting officer refused to call in his license and did not produce a warrant. *Id.* Plaintiff further argues that, in executing this arrest, Defendant FPD violated his civil rights "at the urging of the District Attorney's office who were angered that the Plaintiff dare to Appeal his case." *Id.* at 2. Plaintiff additionally contends that he suffered extreme public humiliation resulting from this "false arrest" in front of his family and neighbors. Docket No. 1.

Plaintiff avers that as a result of Defendants' "unlawful" suspension of his driver's

license, he suffered permanent injuries to his leg. *Id.* Plaintiff contends that because he did not have a license, he was "forced to walk 3 miles each way to care for his mother." *Id.* Plaintiff avers that during this walk on April 30, 2009, he fell and suffered a severely broken ankle. *Id.* Plaintiff argues that his broken ankle constitutes a permanent bodily injury and that it was a direct result of Defendants' unlawful actions of arresting and convicting him of driving on a revoked driver's license. *Id.*

Plaintiff avers that he served forty-five days for his DUI conviction from November 10, 2008 through December 25, 2008. *Id.* Plaintiff contends that he was falsely imprisoned during this period because there had not yet been a final ruling on his DUI. *Id.* Plaintiff further avers that after his DUI appeal was denied on September 2, 2010, the Sheriff "started the process to arrest the Plaintiff again to serve 45 days in jail, not realizing that the Plaintiff had already served the 45 days in jail prior to a final conviction," which created double jeopardy. *Id.* at 3.

Plaintiff additionally argues that he was maliciously prosecuted on September 8, 2010 because Defendant Williamson County Circuit Court held a bench trial to determine whether Plaintiff was guilty of driving on a suspended license, although he had not waived his right to a jury trial. Docket No. 1.

Plaintiff avers that, on September 27, 2010, his probation officer Nicole Clay, an employee of Defendant Providence, reported him for driving with a revoked license on October 9, 2008, even though she had "full knowledge that the Plaintiff was not on Probation on 10-9-2008, grossly violating the Plaintiff's civil rights once again." *Id.* at 4. Plaintiff further avers that "an obviously vindictive heavy handed, and out of control" District Attorney Derrick Smith, employee of Defendant District Attorney's Office, instructed Ms. Clay to report this probation

4

violation and maliciously prosecuted him for it, although he "knew with certainty that the Plaintiff was not on Probation at the time of the Driving on a revoked license charge nearly 2 years earlier." *Id.*

Plaintiff additionally avers that Defendant Williamson County District Attorney's Office has "intentionally singled [him] out as some sort of Public enemy #1." *Id.* at 5. Plaintiff contends that Defendant Williamson County District Attorney's Office has maliciously prosecuted him in retaliation for Plaintiff's appeal of his DUI conviction. Plaintiff further argues that Judge Beal and Judge Easter of Defendant Williamson County Circuit Court and Ms. Clay of Defendant Providence conspired with Defendant Williamson County District Attorney's Office and Defendant FPD "to exact revenge on the Plaintiff for the City of Franklin Police Department having to make a large settlement with the Plaintiff for gross civil rights violations in 1999." *Id.* at 6. Plaintiff also avers that Defendant FPD has repeatedly harassed him by questioning him in the Dollar General store parking lot on August 17, 2012, and by ticketing him for riding without a seatbelt on February 21, 2012. *Id.* at 6-7. Plaintiff further alleges that Defendants have defamed his reputation and smeared his good name "all over town among those in the know and part of the [good old boy's] club." *Id.* at 10. Plaintiff contends that the fact that he received a text message from "prominent local wealthy lender Hooper Inman" referencing Judge Beal and District Attorney Smith supports his assertion that these Defendants were discussing his troubles and defaming his name. *Id.*

Plaintiff avers that, as a result of Defendants' actions, he "has suffered loss of income," "suffered permanent bodily Injury [*sic*]," "lives in constant fear of the next time his door is knocked on," "has suffered extreme mental anguish," and has suffered "extreme Public

5

Humiliation [*sic*]." Docket No. 1. Plaintiff seeks to hold Defendants liable for "one million dollars each plus punitive damages where applicable." *Id.* at 1.

Defendants filed the instant Motions to Dismiss on May 9, 2013, May 13, 2013, May 28, 2013, and May 31, 2013. Docket Nos. 17, 19, 33, and 36. In their Motions, Defendants argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6), because: 1) this Court lacks jurisdiction under the *Rooker-Feldman* doctrine; 2) this action is barred by res judicata because this same action was dismissed by the state court with prejudice; 3) Plaintiff's Complaint is time-barred; 4) Plaintiff has failed to allege any conduct to support liability on behalf of Defendant Williamson County Circuit Court Clerk, Debbie McMillan Barrett, or any injury that could conceivably have resulted from her conduct; 5) to the extent that Plaintiff sues Defendants State of Tennessee, Williamson County Circuit Court, and Williamson County District Attorney's Office in their official capacities, a suit against them is a suit against the State of Tennessee, which is not a "person" subject to suit under 42 U.S.C. § 1983, and the Eleventh Amendment bars suits for money damages for State officials sued in their official capacities; 6) the local municipality is the proper party to allege civil rights violations rather than the FPD; 7) judicial immunity bars money damages against Defendant Williamson County Circuit Court; 8) prosecutorial immunity bars money damages against Defendant Williamson County District Attorney's Office for allegations pertaining to its role as prosecutor in the judicial process; 9) quasi-judicial immunity bars money damages against Defendant Providence; 10) the Tennessee Governmental Tort Liability Act bars Plaintiff's state law claims against the City of Franklin; and 11) Plaintiff has failed to state a claim upon which relief can be granted. *Id.*

As noted above, Plaintiff has filed Responses to three of the four instant Motions.

Docket Nos. 31, 38, 43. Plaintiff maintains that the *Rooker-Feldman* doctrine does not apply because he had filed a motion to withdraw his state court action before it was dismissed, and additionally, because the Davidson County Circuit Court lacked jurisdiction to dismiss the action with prejudice.[3] Docket No. 31. Specifically, Plaintiff contends that "if a Court that [*sic*] has no jurisdiction to hear a case, certainly it has no jurisdiction to dismiss such a case with prejudice." Docket No. 38 at 3-4. Plaintiff argues that this case is not barred by res judicata because the state court action was improperly dismissed with prejudice. Docket No. 31. Plaintiff additionally maintains that the instant action is not time-barred because he filed it within one year of winning his appeal for driving with a revoked license. Docket No. 38. Plaintiff further claims that "the Clerks [*sic*] office has been derelict in it's [*sic*] duties to clean up the Plaintiff's DOS record in a timely manner causing even more duress to be brought to bear against the Plaintiff." Docket No. 31 at 4. Plaintiff also contends that his claim is "C/O the Attorney General of the State of Tennessee . . . and not a direct claim for financial relief from the State of Tennessee itself." Docket No. 38 at 2. Plaintiff additionally argues that the doctrine of immunity does not apply "when rogue agents maliciously go outside the norms of their professional responsibilities knowingly to exact malicious civil rights violations upon a party." *Id.* at 4. Plaintiff reiterates that he suffered enormous harm from his wrongful conviction for driving with a revoked license, which was overturned on appeal. Docket No. 38.

Defendant Providence has filed a Reply. Docket No. 40. Defendant Providence maintains that Plaintiff's Response is untimely, and that accordingly, it should not be considered

---

[3] At some point, the venue of Plaintiff's "state court action" was transferred to the Davidson County Circuit Court. Docket No. 31.

7

by this Court. *Id.* Defendant Providence specifically argues that Plaintiff submitted his Response at the earliest, seventeen days after Providence filed its motion, in noncompliance with Local Rule 7.01(b), which mandates that responsive material should be served and filed "not later than fourteen (14) days after service of the motion." *Id.*, *citing* Local Rule 7.01(b). Defendant Providence further contends that even if Plaintiff's Response is considered timely, Plaintiff's claims cannot survive Defendant Providence's Motion to Dismiss because: 1) the Court lacks subject jurisdiction under the *Rooker-Feldman* doctrine; 2) Plaintiff's claims are time-barred by the one-year statute of limitations; 3) Defendant Providence is entitled to quasi-judicial immunity; and 4) Plaintiff's 42 USC §1983 claims and state law claims fail to state a claim upon which relief may be granted. *Id.*

For the reasons set forth below, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED.

## II. Analysis

### A. Standard of Review: Fed. R. Civ. P. 12(b)(1) and (6)

As grounds for their Motions to Dismiss, Defendants assert Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket Nos. 17, 33, and 36. Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction, while Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.

When challenging a court's subject matter jurisdiction under Rule 12(b)(1), a defendant may either facially attack the plaintiff's complaint by testing the sufficiency of the pleading itself, or by arguing the existence or non-existence of facts that would deprive a court of subject matter jurisdiction. *See Smith v. Northwest Airlines, Inc.*, 141 F. Supp. 2d 936, 939-40 (W.D.

Tenn. 2001) (citations omitted).

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task

9

> that requires the reviewing court to draw on its judicial experience
> and common sense. . . . But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" -
> "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

## **B.  The Case at Bar**

In the case at bar, Plaintiff's Complaint is comprised of conclusory allegations claiming that Defendants engaged in an unlawful conspiracy to exact revenge and violate his civil rights. *See* Docket No. 1.  Although Plaintiff repeatedly avers that Defendants conspired against him because he had settled a 1999 civil rights lawsuit against the Franklin Police Department, Plaintiff does not allege specific details pertaining to the formation of, or action by, that conspiracy.  Conspiracy claims must be plead with some degree of specificity, and conclusory allegations unsupported by material facts will not be sufficient to state a claim under 42 U.S.C. § 1983.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Inasmuch as Plaintiff sues Defendants in their official capacities, Defendants are not subject to suit under § 1983 in their official capacities, as a suit against State officials in their official capacities is considered to be a suit against the State, which is not a "person" subject to suit under 42 U.S.C. § 1983.  *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71, 109 S.Ct 2304, 2312 (1989).  Moreover, the Eleventh Amendment bars suits for money damages against

the State and State officials sued in their official capacities. *Id.* at 66, 2309-2310. Additionally, the Supreme Court has held that civil rights claims do not abrogate Eleventh Amendment immunity (*Quern v. Jordon*, 440 U.S. 332, 339-345, 99 S.Ct. 1139, 1144-1147 (1979)) and Tennessee has not waived its Eleventh Amendment immunity for civil rights suits (*American Civil Liberties Union v. Tennessee*, 496 F. Supp. 218 (M.D. Tenn. 1980)). Accordingly, Plaintiff cannot sustain his claim against Defendants in their official capacities.

As relates to Plaintiff's allegations that Judge Beal of Defendant Williamson County Circuit Court wrongfully sentenced him to forty-five days for his DUI offense, and that Judge Easter of Defendant Williamson County Circuit Court held an unlawful bench trial to wrongfully convict and sentence him for driving with a revoked license, Judge Beal and Judge Easter are protected by judicial immunity. Judicial immunity protects judges of general jurisdiction from being held civilly liable for their judicial acts, even though their acts may be in excess of their jurisdiction or allegedly done maliciously or corruptly. *See Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213 (1967). *See also Bradley v. Fisher*, 80 U.S. 335 (1872). Thus, if the judge has jurisdiction over the case and acts within the scope of his judicial duties, the judge is immune from liability. *See Kurz v. State of Michigan*, 548 F.2d 172, 174 (6th Cir. 1977). Presiding over, and ruling on, Plaintiff's cases was within the scope of Judge Beal and Judge Easter's judicial duties. Because Judges Beal and Easter acted within the scope of their judicial duties, Defendant Williamson County Circuit Court is judicially immune from being civilly liable for these rulings. Accordingly, Plaintiff cannot sustain this claim.

With regard to Plaintiff's claim against Defendant Williamson County Circuit Court Clerk's Office, Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's

Complaint contains only one allegation related to Defendant Williamson County Circuit Court Clerk's Office: that Plaintiff would not have broken his ankle "if the Circuit Court Clerks [*sic*] Office had not wrongfully held his license for 8 months." Docket No. 1. It is not entirely clear how such conduct alone constitutes a violation of Plaintiff's civil rights. Regardless, conclusory allegations masquerading as factual allegations are insufficient under the *Iqbal* pleading standard. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Plaintiff submits no evidence supporting his claim that he "may never walk again" or that he has suffered any loss of income as a result of the Court Clerk's actions. Docket No. 1 at 8-9. Accordingly, Plaintiff cannot sustain this claim.

Moreover, the Williamson County Circuit Court Clerk's Office is protected by quasi-judicial immunity. In the Sixth Circuit, "[i]t is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (*citing Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (applying absolute immunity to a municipal court clerk)). In determining whether a function qualifies as judicial or quasi-judicial, the court should consider whether the judicial officer was "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (*citing Scruggs v. Moellering*, 870 F.2d 376 (7th Cir.)). The Supreme Court has endorsed this "functional" approach, under which a court "looks to 'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley v. Fitzsimmons*, 509 U.S.259 (1993) (*quoting Forrester v. White*, 484 U.S. 219, 229 (1988)). In the case at bar, the Clerk's Office allegedly delayed the return of Plaintiff's driver's license.

After Plaintiff was convicted for DUI, the court Clerk held his license on behalf of the court, a task "intertwined with the judicial process." Accordingly, the actions of the Clerk's Office's were within the scope of its judicial function and protected by quasi-judicial immunity. Plaintiff's claim against Defendant Williamson County Circuit Court Clerk's Office fails.

Similarly, prosecutors are protected by prosecutorial immunity for claims levied against them for damages arising out of prosecutorial duties that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995 (1976); *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000). Courts apply a functional analysis examining the nature of the function performed to determine whether the prosecutor's actions were "intimately associated with the judicial phase of the criminal process," and therefore protected. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 2613 (1993). In determining the nature of the function performed, the primary consideration is how closely related the prosecutor's challenged activity is to the prosecutor's role as an advocate intimately associated with the judicial phase of the criminal process. *Holloway v. Brush*, 220 F.2d 767, 775 (6th Cir. 2000).

Because the immunity attaches to the prosecutorial function, not the manner in which a prosecutor performs it, prosecutorial immunity provides protection from judicial scrutiny of the motives for the prosecutor's actions. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997). "Absolute immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Grant v. Hollenback*, 870 F.2d 1135, 1138 (6th Cir. 1989). Allegations of conspiracy do not abrogate a prosecutor's immunity. *Imbler v. Pachtman*, 424 U.S. 409, 415-416, 422-425, 96 S. Ct. 984, 988, 991-992 (1976).

Plaintiff alleges that District Attorney Derrick Smith of Defendant Williamson County District Attorney's Office conspired to violate his rights by having his probation revoked, by holding a bench trial without Plaintiff's waiver of his right to a jury trial, and by prosecuting him for driving with a revoked license although he knew Plaintiff's license was not suspended. Plaintiff does not argue that the prosecutorial Defendant engaged in activities outside the scope of its prosecutorial duties, but rather, argues that the prosecutorial Defendant, motivated by retaliatory animus, conspired to revoke his probation and to incarcerate him for a longer period of time. As was noted above, allegations of conspiracy do not abrogate a prosecutor's immunity (*Imbler, supra*), and absolute immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously (*Grant, supra*). Accordingly, because the prosecutorial Defendant's actions were within the scope of its prosecutorial duties and therefore "intimately associated with the judicial phase of the criminal process," they are protected by prosecutorial immunity. Plaintiff's claim against Defendant Williamson County District Attorney's Office fails.

Additionally, the prosecutorial Defendant Williamson County District Attorney's Office is comprised of state employees, as they are "employed in the service of and whose compensation is payable by the state." Tenn. Code Ann. § 8-42-101 *et seq*. Accordingly, Plaintiff's state law claims against this Defendant should be dismissed as well, pursuant to the State's sovereign immunity, Tenn. Code Ann. § 9-8-307(h), and Tenn. Code Ann. § 8-14-209.

Plaintiff also sues Defendant Providence, employer of probation officer Nicole Clay, averring that it violated his rights because Ms. Clay conspired with Derrick Smith of Defendant Williamson County District Attorney's Office to falsely report Plaintiff for violating his

14

probation. Docket No. 1. The Sixth Circuit has previously determined that probation officers are entitled to quasi-judicial immunity when ensuring a probationer was complying with the terms of his probation. *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735 (6th Cir. Sept. 9, 1992); *see also Loggins v. Franklin County, Ohio*, 218 Fed. Appx. 466, 476 (6th Cir. 2007); *Huffer v. Bogen*, 503 Fed. Appx. 455, 461 (6th Cir. 2012). The *Balas* Court specifically stated:

> It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. . . .
>
> . . .
>
> Federal officers, other than judges to whom a form of judicial immunity has been found to attach (quasi-judicial immunity), include hearing officers and administrative law judges. *Butz v. Economou*, 438 U.S. 478, 513 (1978). The Court has also extended the defense to state prosecutors and state parole officers, but taken pains to point out that immunity will only cloak functions performed by such officers which are judicial in nature. *Imbler v. Pachtman*, 424 U.S. 409 (1976). . . .
>
> . . .
>
> . . . [W]hen a judge seeks to determine whether a defendant is complying with the terms of probation, the judge is performing a judicial function. To the extent court personnel were investigating whether Weiner was complying with the terms of his probation, they were performing a quasi-judicial function. To the extent defendants were performing that function at the direction of the judge, they are entitled to quasi-judicial immunity. All of the same considerations that would apply to the judge apply to the probation officer. "The prospect of damage liability under section 1983 would seriously erode the officer's ability to carry out his independent fact-finding function and thereby impair the sentencing judge's ability to carry out his judicial duties." *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986) (finding absolute immunity for probation officers).

1992 WL 217735 at *4-5. In the instant case, Plaintiff's claims against Defendant Providence

are solely related to its quasi-judicial function of reporting Plaintiff's noncompliance with the terms of his probation. Docket No. 1 at 5. Accordingly, Defendant Providence is entitled to quasi-judicial immunity. Plaintiff cannot sustain this claim.

Finally, with regard to Plaintiff's claims against Defendant FPD, Defendant correctly states that the proper party against which alleged violations of civil rights are to be asserted is the local municipality, not the municipal police department. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that the police department is not an entity that can be sued); *Mathes v. Metro. Gov't of Nashville & Davisdon Cnty.*, 3:10-cv-0496, 2010 WL 3341889 (M.D. Tenn. Aug. 25, 2010) (noting that federal district courts in Tennessee have "frequently and uniformly held that police departments and sheriff's departments are not proper parties to a §1983 suit"). Plaintiff has brought suit Defendant FPD, rather than the proper party of the City of Franklin, Tennessee. Because Defendant FPD is not a proper party under § 1983, Plaintiff cannot sustain this claim.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED and that Plaintiff's federal law claims against all Defendants be DISMISSED WITH PREJUDICE. Additionally, in view of the foregoing recommendation, the Court should decline to exercise jurisdiction over Plaintiff's state law claims.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

16

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge