**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| RICHARD E. BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00191 |
| ) | Judge Sharp / Knowles |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon Judge Sharp's Order entered March 31, 2014. Docket No. 66. That Order says in relevant part:

> (3) This matter is RETURNED to Magistrate Judge Knowles to determine whether Plaintiff should be allowed to effectively amend his Complaint to substitute the City of Franklin as a Defendant and, if so, whether such an amendment would be futile in light of the other arguments raised by the Franklin Police Department in its Motion to Dismiss (Docket No. 19) . . .

*Id.*

A brief recitation of the allegations of Plaintiff's Complaint relating to the Franklin Police Department will provide the contextual background relevant for Judge Sharp's requested futility analysis.

Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth, Sixth, and Fourteenth Amendment rights, as well as the pendent state law claims of false arrest, false imprisonment, malicious and vindictive prosecution, defamation of character, and public humiliation. Docket No. 1. Plaintiff sued various people and entities, including the

Franklin Police Department, in their official capacities. *Id.* As pertains to the Franklin Police Department, Plaintiff avers that it violated his rights when: (1) its officers falsely arrested him for driving on a suspended license when his license was not formally suspended; (2) the arresting officer refused to call in his license and did not produce a warrant; (3) he suffered extreme public humiliation resulting from the false arrest in front of his family and neighbors; (4) he suffered permanent injury to his leg as a result of being unlawfully arrested and convicted of driving on a revoked driver's license; (5) its officers harassed him by questioning him in a parking lot and ticketing him for riding without a seatbelt; and (6) its officers defamed his reputation. *Id.* Plaintiff avers that he has consequently suffered a loss of income, permanent bodily injury, extreme mental anguish, and extreme public humiliation. *Id.* Plaintiff also contends that he lives in "constant fear of the next time his door is knocked on." *Id.*

It is beyond dispute that the Franklin Police Department is not the correct party to be sued; Plaintiff therefore requests that he now be allowed to substitute the City of Franklin, Tennessee as a party in its place (Docket No. 61). As noted in Judge Sharp's Order quoted above, the sole issue presently before the undersigned is whether that party substitution should be permitted or would be futile.

Motions to Amend are governed by Fed. R. Civ. P. 15. After a party has amended once as a matter of course or more than twenty-one days have passed from the initial filing of the motion, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While the court "should freely give leave when justice so requires," that leave should not be given in the presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

2

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, in the case at bar, if Plaintiff could not sustain his claim against the City of Franklin, then amending his pleadings to substitute the City of Franklin in place of the Franklin Police Department would be futile, and leave to amend should not be given.

Concerning the federal claims Plaintiff seeks to bring against the City of Franklin, in order for a public entity to be subject to liability under § 1983, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978) (In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.). Accordingly, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient City of Franklin official policy, practice, or custom. *Id*.

Plaintiff has not alleged any facts in his Complaint relating to an official City of Franklin policy, practice, or custom that caused him injury. In fact, Plaintiff does not even mention a City of Franklin policy, practice, or custom in any of his pleadings. Accordingly, Plaintiff has failed to state a viable claim against the City of Franklin and amending his pleadings to name the City of Franklin as a Defendant would be futile.

Regarding the pendent state law claims Plaintiff seeks to assert against the City of Franklin, because Plaintiff cannot establish that the City of Franklin violated his constitutional

3

rights, the Court should decline to exercise supplemental jurisdiction over his pendent state law claims. Additionally, even if the Court were to exercise supplemental jurisdiction over Plaintiff's state law claims, the City of Franklin is immune from liability on those claims pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA"). *See* Tenn. Code Ann. § 29-20-201. Amending Plaintiff's pleadings to name the City of Franklin as a Defendant would, therefore, likewise be futile with regard to the state law claims.

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Amend be DENIED as futile.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge