UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICHARD E. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | No. 3:13-00191 |
| **v.** ) | Judge Sharp |
| ) | |
| **STATE OF TENNESSEE c/o STATE** ) | |
| **ATTORNEY GENERAL,** ) | |
| **WILLIAMSON COUNTY CIRCUIT** ) | |
| **COURT, WILLIAMSON COUNTY** ) | |
| **CIRCUIT COURT CLERK'S OFFICE,** ) | |
| **WILLIAMSON COUNTY DISTRICT** ) | |
| **ATTORNEYS OFFICE, FRANKLIN** ) | |
| **POLICE DEPARTMENT IN** ) | |
| **WILLIAMSON COUNTY, and** ) | |
| **PROVIDENCE COMMUNITY** ) | |
| **CORRECTIONS CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

After this matter was returned to Magistrate Judge Knowles pursuant to this Court's March 21, 2014 Order, he entered a Report and Recommendation in which he concludes that (1) Plaintiff has not alleged facts that state a viable claim against the City of Franklin; (2) amending the pleadings to name the City of Franklin would be futile; and (3) the Court should either decline to exercise supplemental jurisdiction over Plaintiff's pendant state law claims, or find that the City is immune from liability on those claims. Plaintiff has filed Objections to the R&R, to which Defendant has responded.

Having undertaken the *de novo* review required by Rule 72 of the Federal Rules of Civil Procedure, the Court agrees with Magistrate Judge Knowles insofar as he recommends that Plaintiff not be allowed to effectively amend his Complaint to substitute the City of Franklin for the Franklin Police Department. The Court also agrees with the recommendation that the City of Franklin be

1

deemed immune from liability on Plaintiff's state law claims.

As Magistrate Judge Knowles correctly observed, to bring a claim against the City of Franklin under 42 U.S.C. § 1983, Plaintiff must allege facts which suggest a basis for municipal liability. "A municipality only can be directly liable under § 1983 when a policy or custom of the municipality causes a constitutional violation by one of its employees." Grabow v. County of Macomb, 2014 WL 4251573, at * 10 (6th Cir. Aug. 29, 2014). Therefore, to state a plausible claim, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." Bright v. Gallia Cnty., 753 F.3d 639, 660 (6th Cir. 2014). Here, Plaintiff's Complaint identifies no policy or custom of the City of Franklin that was the cause of the alleged deprivation of his constitutional rights.

As for his pendant state law claims for false arrest and malicious prosecution, Plaintiff argues that "Tenn. Code Ann. § 29-20-205 provides an exception to governmental immunity for 'injury proximately caused by a negligent act or omission of any employee within the scope of his employment[.]'" (Docket No. 78 at 3). However, Plaintiff's recitation of the statute omits a critical, prefatory word: "except."

So far as relevant, the Tennessee Governmental Tort Liability Act reads:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except* if the injury arises out of:

     *       *       *

(2) False imprisonment pursuant to a mittimus from a court, false arrest, [or] malicious prosecution . . .

Tenn. Code Ann. 29-20-205 (emphasis added). Under a proper reading of the statute, the City of Franklin is clearly immune from suit for Plaintiff's false arrest and malicious prosecution claims. See

Hunt v. Wayne County, 2012 WL 279482, at *7 (M.D. Tenn. Jan. 31, 2012) (the TGTLA "specifically preserves immunity from claims arising out of false imprisonment, false arrest, malicious prosecution and civil rights"); Jackson v. Thomas, 2011 WL 1049804, at *5 (Tenn. Ct. App. Mar. 23, 2011) ("Tenn. Code Ann. § 29-20-205(2) expressly states that a governmental entity retains immunity under the GTLA for negligence claims that arise from claims for false imprisonment, false arrest, abuse of process, invasion of the right to privacy, libel, intentional infliction of emotional distress, fraud, and malicious prosecution").

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket No. 70) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objections to the Report and Recommendation (Docket No. 78) are hereby OVERRULED;

(3) Defendant Franklin Police Department's Motion to Dismiss (Docket No. 19) is hereby GRANTED; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE